FILED
JULY 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
JUN 2 2008
Jun 2 2008 mo
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

MARCO HENDERSON, )
　　　Plaintiff, )
 )
v. )
 )
STATEVILLE CORRECTIONAL )
Officer's % Brown, % Hall, )
% Williamson, % Watts, )
% Kocher, )

08CV 3172
JUDGE PALLMEYER
MAGISTRATE JUDGE DENLOW

## COMPLAINT

Now comes MARCO HENDERSON, "plaintiff" by himself pro se and complians against officer's % Brown, % Hall, % Williamson, % Watts, and % Kocher, of the Stateville Correctional Center, as follows:

### JURISDICTION, VENUE, & PARTIES

1. Plaintiff is a citizen of the United States who is residing in ~~████~~ ~~████████~~. Galesburg Illinois

2. Defendants were Stateville Correctional officers and officials employed by the Illinois Department of Correction at the Stateville

1.

Correctional Center on and about August 16, 2006.

3. This action is for the deprivation of constitutional rights arise under 42 U.S.C. §1983.

4. Jurisdiction is based on 28 U.S.C. which grants federal question jurisdiction.

5. Venue is proper with this court pursuant to 28 U.S.C. 1391 (b)(2), in that all of the acts alleged herein occurred with Stateville Correctional Center.

6. Off. Brown, Off. Hall, Off. Williamson, Off. Watts, and Off. Kocher, were performing duties similar to those they were assigned to perform in their capacity as Correctional Officers for Stateville Correctional Center on 8/16/06 were therefore acting under the color of state law, and are all sue personally and in their individual capacity.

7. During the allege incident, the Plaintiff was being detained at Stateville Correctional Center on and about 8/16/06 for a court writ.

2.

# COUNT I:
## VIOLATION OF 42 U.S.C. §1983

8. On and about 8/16/06, plaintiff was being detained at the Stateville Correctional Center and was being transporting to Court by Off. Watts, Off. Brown, Off. Hall, Off. Williamson, and Off. Kocher, as these officers was assign to be the court writ officers for 1100 S. Hamilton.

9. During transportation to 1100 S. Hamilton, after the transporting vehicle came to a complete stop in the basement of the court House. The plaintiff was told to step out of the transport vehicle while shackle and his ankles was secured by leg shackle, as the defendants in par. 8 stood around talking and laughing. Not once did the defendants try to secure the plaintiff and make sure that the plaintiff exit the vehicle safely by physical emphasis when a milk crate was to be used as a stepping stool to exit the vehicle.

10. As the plaintiff tried to step out of the vehicle the defendants continued talking and laughing, plaintiff fell from the vehicle as plaintiff tried to step upon the

3.

Milk Crate that was use as a Stepping Stool to exit the vehicle.

11. Once the plaintiff fell, plaintiff laid motionlessly for approximately 10 to 20 seconds unconscious after landing head first on the pavement of the basement of the court house.

12. As plaintiff laid upon the basement floor, Defendant Williamson Ran towards the rear end of the vehicle until the plaintiff started to roll upon the pavement moaning and groaning in pain, and the other defendants stood in shock.

13. The Defendants did not try to get the plaintiff medical attention, but refused to have a ambulance called after one of the officers from the court assisted on calling the ambulance after witnessing the plaintiff fall.

14. Defendants % Kocher and % Brown pulled the plaintiff off the pavement after the court house officer assisted on a ambulance while he was semi conscious and moaning in pain.

4.

15. Defendants in Count.1. Committed the following acts depriving Plaintiff of his constitutional rights by intentionally or with reckless disregard:

a. refused to make sure plaintiff was safely secured in and out of the transporting vehicle without causing bodily harm;

B. refusing to getting plaintiff immediate medical attention inorder to prevent further injuries;

C. pulling the plaintiff off the pavement when it was known plaintiff was seriously injured and not safely securing the plaintiff in and out of the vehicle.

16. Although each of the defendants knew they were violating plaintiff's constitutional rights as alleged herein, none of the defendants made sure the plaintiff was safely secured in and out the vehicle to prevent injuries or each other from continuing their unconstitutional conduct and removing the plaintiff from the pavement on which he fell.

5.

WHEREFORE, Plaintiff Respectfully demands the court to award him $500,000. in Compensatory Damages, $500,000. in Punitive Damages, and the courts cost.

Plaintiff request futher This Honorable Court to enjoin the Defendants from applying the Illinois Statue 730 ILCS 5/3-7-6 that allow the practice of I.D.O.C. confiscating the financial result from this claim, and any other relief This Honorable Court deem appropriate and proper.

# COUNT II.
## VIOLATION OF 42 U.S.C. §1983

Plaintiff incorporates and realleges par. 1 though 16 for this Count II.

17. Defendants c/o Brown, c/o Hall, c/o Watts, c/o Williamson, and c/o Kocher at all time knew plaintiff would need to be assisted getting in and out of the vehicle where plaintiff ankles was bound by leg cuffs, and that the milk crate that was used as a stepping stool was not enough to a sure that plaintiff exiting the vehicle was safe and secured. From the many of court writ's where the defendants has transported inmates the defendants fail to a sure the safety and security of the plaintiff by not safely securing plaintiff in and out of the vehicle.

18. "Defendants" in par. 16. had knowledge of what could have transpired if the plaintiff was not safely secured in and out of the vehicle where plaintiff ankles was bound by leg cuffs, and that a milk crate could not reasure the safety and security of the plaintiff.

7.

19. "Defendants" had knowledge the Milk crate did not assure plaintiff safety and security when exiting the vehicle when his ANKLES was bound by leg cuffs, and that if plaintiff fell plaintiff faces a serious risk of be harm or injuries to be caused by such a fall from previous incident where inmates fell because of the leg cuff or by not being assisted upon exiting the vehicle.

20. Defendants in par. 17. of the Stateville Correctional Center acts deprived plaintiff of his constitutional rights in the following way by intentionally or with reckless disregard:

   a. By telling plaintiff to exit the vehicle without any assist assuring his security and safety, and with knowledge that plaintiff legs was bound by Ankle cuffs and a Milk crate was and could not assure that plaintiff would exit the vehicle

8.

safely without falling or causing injuries to himself, and as the plaintiff complain about the pain in his head, back, and elbow, The Defendants laughed and joke about plaintiff fall

B. intentionally or with reckless disregard failed to prevent the fall of the plaintiff and refusing to stop the movement of plaintiff by co workers to prevent further injuries

21. As a result of the defendants failure to take preventative action plaintiff, suffered greatly through injuries to his, Back, elbow, and head. from the fall out of the transportation ~~____~~ vehicle where the security and safety of plaintiff was ignored.

WHEREFORE, plaintiff pray the Court will award him compensatory and punitive Damages, and Court cost.

# III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bring an action in federal court.

A. Is there a grievance procedure available at your institution?
  Yes (✓)  No ( )

B. Have you filed a grievance concerning the facts in this complaint?
  Yes (✓)  No ( )

C. If your answer is yes:

  1. What steps did you take?
  I sent the grievance to the administrative review board like the rules requires.

  2. What was the result?
  After I resubmitted the grievance to the Administrative review board manger Terri Anderson, I was told that the grievance was not submitted in the time frame, although the original grievance that I filed to the A.R.B. was on 8-23-06.

D. Is the grievance procedure now completed? Yes (✓)  No ( )

10

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: Marco Henderson vs. Michael Sheahan Cook County Sheriff, Officer Foote (No. 99 C 1299)

B. Approximate date of filing lawsuit: January 1999

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Marco Henderson

D. List all defendants: Michael Sheahan Cook County Sheriff, officer Foote, unknown unnamed.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois

F. Name of judge to whom case was assigned: The Honorable Rebecca R. Pallmeyer

G. Basic claim made: deprivation of constitutional rights arise under 42 U.S.C. 1983.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): The case was settled

I. Approximate date of disposition: Around August of 2001

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised: 7/20/05

# DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal rule of Civil procedure 11(c).

Signed this ___ day of ___ 2007

_____
Plaintiff Signature