| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN<br>See Instructions for "Service of Process by the U.S. Marshal" MH6<br>on the reverse of this form. |
|---|---|

| PLAINTIFF<br>Marco Henderson | COURT CASE NUMBER<br>08C3172 |
|---|---|
| DEFENDANT<br>Officer Brown, et al. | TYPE OF PROCESS<br>S/C |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Officer Brown, Correctional Officer, Stateville Correctional Center

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
S.C.C., C/o Legal Dept., P.O. Box 112, Joliet, IL 60434

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Marco Henderson, K58827
Hill-Hill
P.O. Box 1700
Galesburg, IL 61401

| Number of process to be served with this Form - 285 | 1 |
|---|---|
| Number of parties to be served in this case | 6 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
AUG 2 6 2008 YM
8-26-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT  TELEPHONE NUMBER  DATE 07-16-08

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>1 of 5 | District of Origin<br>No. 24 | District to Serve<br>No. 24 | Signature of Authorized USMS Deputy or Clerk  TD | Date 07-16-08 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above):
Unable to identify stateville CC has more than one employee with the same name.

| Date of Service | Time | am/pm |
|---|---|---|
| 8/4/08 | | |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 0 | 0 | 9.70 | 9.70 | 0 | 9.70 | 0 |

REMARKS: Mailed Certified mail w/waiver 7007 0710 0000 9546 2037

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|



**Illinois Department of Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

DOC Legal Services / Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3623
Fax: (815) 727-3669
TDD: (800) 526-0844

Tomas Dicosta, Civil Desk
U.S. Marshals Service
2444 Dirksen Federal Building
219 S. Dearborn Street
Chicago, IL 60604

RE: Henderson v Brown, et al.
08C3172

Dear Ms. Dicosta:

Enclosed please find complaint(s) and waiver form(s) regarding the above-captioned civil action for the below-named individual(s). I am unable to effectuate service for the noted reasons.

Unable to identify. Stateville Correctional Center has more than one employee with the names:
c/o Watts
c/o Brown

I trust you will find this responsive.

Sincerely,

Rebecca Hunter
Acting Litigation Coordinator
Stateville Correctional Center

cc: File

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

**TO:** Marco Henderson
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Correctional Officer Brown, acknowledge receipt of your request that I waive
(DEFENDANT NAME)
service of summons in the action of Marco Henderson vs. Officer Brown, et al.
(CAPTION OF ACTION)
which is case number 08C3172 in the United States District Court for the
(DOCKET NUMBER)
Northern District of Illinois
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after July 16, 2008
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____    _____
DATE                         SIGNATURE

Printed/Typed Name: _____

As _____ of _____
   TITLE                        CORPORATE DEFENDANT

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# United States District Court
### Northern District of Illinois

SUMMONS IN A CIVIL ACTION

Marco Henderson

vs.

Officer Brown, et al

**CASE NUMBER:** 08 cv 3172
**JUDGE:** Pallmeyer

**TO:** Officer Brown

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

| | |
|---|---|
| Name | Marco Henderson - K58827 |
| Address | Hill - Hill |
| | P.O. Box 1700 |
| City: | Galesburg, IL 61401 |

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Marlan Cowan
Deputy Clerk

Dated: 7/10/08

**RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ] Served personally upon the defendant. Place where served: _____

_____

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left: _____

[ ] Returned unexecuted: _____

[ ] Other (specify): _____

_____

_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                                            Signature of Server

                                                                    _____
                                                                    Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3172 | DATE | July 9, 2008 |
| CASE TITLE | Marco Henderson (K-58827) v. Officer Brown, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $10.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Hill Correctional Center. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied.

■ [For further details see text below.]                                            Docketing to mail notices.

## STATEMENT

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.00. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: [signature]
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 7/16/08

Courtroom Deputy Initials: CLH

Page 1 of 2

## STATEMENT

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The Court denies Plaintiff's motion for appointment of counsel without prejudice for failure to make a showing that he "has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).

IN THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF
ILLINOIS EASTERN
DIVISION

MARCO HENDERSON, )
    Plaintiff, )
            )
  v. )
STATEVILLE CORRECTIONAL )
Officer's C/O BROWN, C/O HALL, )
C/O WILLIAMSON, C/O WATTS, )
C/O KOCHER, )

RECEIVED
JUN 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CV 3172
JUDGE PALLMEYER
MAGISTRATE JUDGE DENLOW

## COMPLAINT

Now comes MARCO HENDERSON, "plaintiff" by himself pro se and complians against officer's C/O Brown, C/O Hall, C/O Williamson, C/O Watts, and C/O Kocher, of the Stateville Correctional Center, as follows:

### JURISDICTION, VENUE, & PARTIES

1. Plaintiff is a citizen of the United States who is residing in ~~[redacted]~~ Galesburg Illinois

2. Defendants were Stateville Correctional officers and officials employed by the Illinois Department of Correction at the Stateville

1.

Correctional Center on and about August 16, 2006.

3. This action is for the deprivation of constitutional rights arise under 42 U.S.C. §1983.

4. Jurisdiction is based on 28 U.S.C. which grants federal question jurisdiction.

5. Venue is proper with this court pursuant to 28 U.S.C. 1391 (b)(2), in that all of the acts alleged herein occurred with Stateville Correctional Center.

6. Off. Brown, Off. Hall, Off. Williamson, Off. Watts, and Off. Kocher, were performing duties similar to those they were assigned to perform in their capacity as Correctional Officers for Stateville Correctional Center on 8/16/06 were therefore acting under the color of state law, and are all sue personally and in their individual capacity.

7. During the allege incident, the Plaintiff was being detained at Stateville Correctional Center on and about 8/16/06 for a court writ.

2.

# COUNT I.
## VIOLATION OF 42 U.S.C. §1983

8. On and about 8/16/06, plaintiff was being detained at the Stateville Correctional Center and was being transporting to Court by off. Watts, off. Brown, off. Hall, off. Williamson, and off. Kocher, as these officers was assign to be the Court writ officers for 1100 S. Hamilton.

9. During transportation to 1100 S. Hamilton, after the transporting vehicle came to a complete stop in the basement of the Court House. The plaintiff was told to step out of the transport vehicle while shackle and his ankles was secured by leg shackle, as the defendants in par. 8 stood around talking and laughing. Not once did the defendants try to secure the plaintiff and make sure that the plaintiff exit the vehicle safely by physical emphasis when a milk crate was to be used as a stepping stool to exit the vehicle.

10. As the plaintiff tried to step out of the vehicle the defendants continued talking and laughing, plaintiff fell from the vehicle as plaintiff tried to step upon the

3.

Milk Crate that was use as a Stepping Stool to exit the vehicle.

11. Once the plaintiff fell, plaintiff laid motionlessly for approximately 10 to 20 seconds unconscious after landing head first on the pavement of the basement of the court house.

12. As plaintiff laid upon the basement floor, Defendant Williamson Ran towards the rear end of the vehicle until the plaintiff started to roll upon the pavement moaning and groaning in pain, and the other defendants stood in shock.

13. The Defendants did not try to get the plaintiff medical attention, but refused to have a ambulance called after one of the officers from the Court assisted on calling the ambulance after witnessing the plaintiff fall.

14. Defendants % Kocher and % Brown pulled the plaintiff off the pavement after the court house officer assisted on a ambulance while he was semi conscious and moaning in pain.

4.

15. Defendants in Count 1 committed the following acts depriving Plaintiff of his constitutional rights by intentionally or with reckless disregard:

a. refused to make sure plaintiff was safely secured in and out of the transporting vehicle without causing bodily harm;

B. refusing to getting plaintiff immediate medical attention in order to prevent further injuries;

C. pulling the plaintiff off the pavement when it was known plaintiff was seriously injured and not safely securing the plaintiff in and out of the vehicle.

16. Although each of the defendants knew they were violating Plaintiff's constitutional rights as alleged herein, none of the defendants made sure the plaintiff was safely secured in and out the vehicle to prevent injuries or each other from continuing their unconstitutional conduct and removing the plaintiff from the pavement on which he fell.

5.

WHEREFORE, Plaintiff Respectfully demands the court to award him $500,000. in Compensatory Damages, $500,000. in Punitive Damages, and the courts cost.

Plaintiff request futher this Honorable court to enjoin the Defendants from applying the Illinois Statue 730 ILCS 5/3-7-6 that allow the practice of I.D.O.C. confiscating the financial resuit from this claim, and any other relief this Honorable Court deem appropriate and proper.

## COUNT II.
## VIOLATION OF 42 U.S.C. §1983

Plaintiff incorporates and realleges par. 1 though 16 for this Count II.

17. Defendants C/O Brown, C/O HALL, C/O Watts, C/O Williamson, and C/O Kocher at all time knew plaintiff would need to be assisted getting in and out of the vehicle where plaintiff ankles was bound by leg cuffs, and that the Milk Crate that was used as a stepping stool was not enough to a sure that plaintiff exiting the vehicle was safe and secured from the many of court writ's where the defendants has transported inmates the defendants fail to a sure the safety and security of the plaintiff by not safely securing plaintiff in and out of the vehicle.

18. "Defendants" in par. 16. had knowledge of what could have transpired if the plaintiff was not safely secured in and out of the vehicle where plaintiff ankles was bound by leg cuffs, and that A Milk crate could not reasure the safety and security of the plaintiff.

7.

19. "Defendants" had knowledge the M:lk crate did not assure Plaintiff safety and security when exiting the vehicle when his ANKLES was bound by leg cuffs, and that if Plaintiff fell Plaintiff faces a serious risk of be harm or injuries to be caused by such a fall from previous incident where inmates fell because of the leg cuff or by not being assisted upon exiting the vehicle.

20. Defendants in par. 17. of the Stateville Correctional Center acts deprived Plaintiff of his constitutional rights in the following way by intentionally or with reckless disregard:

    a. By telling Plaintiff to exit the vehicle without any assist assuring his security and safety, and with knowledge that Plaintiff legs was bound by Ankle cuffs and a M:lk crate was and could not assure that Plaintiff would exit the vehicle

8.

safely without falling or causing injuries to himself, and as the plaintiff complain about the pain in his head, back, and elbow, The Defendants laughed and joke about plaintiff fall.

B. intentionally or with reckless disregard failed to prevent the fall of the plaintiff and refusing to stop the movement of plaintiff by co-workers to prevent further injuries.

21. As a result of the defendants failure to take preventative action plaintiff suffered greatly through injuries to his, Back, elbow, and head. From the fall out of the transportation vehicle where the security and safety of plaintiff was ignored.

WHEREFORE, plaintiff pray the Court will award him compensatory and punitive Damages, and court cost.

9.

# III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bring an action in federal court.

A. Is there a grievance procedure available at your institution?
   Yes (✓)   No ( )

B. Have you filed a grievance concerning the facts in this complaint?
   Yes (✓)   No ( )

C. If your answer is yes:

   1. What steps did you take?
   I sent the grievance to the administrative review board like the rules requires.

   2. What was the result?
   After I resubmitted the grievance to the Administrative review board manger Terri Anderson, I was told that the grievance was not submitted in the time frame, although the original grievance that I filed to the A.R.B. was on 8-23-06.

D. Is the grievance procedure now completed?   Yes (✓)   No ( )

10

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: Marco Henderson vs. Michael Sheahan Cook County Sheriff, officer Foote (No. 99 C 1299)

B. Approximate date of filing lawsuit: January 1999

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Marco Henderson

D. List all defendants: Michael Sheahan Cook County Sheriff, officer Foote, unknown unnamed.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois

F. Name of judge to whom case was assigned: The Honorable Rebecca R. Pallmeyer

G. Basic claim made: deprivation of constitutional rights arise under 42 U.S.C. 1983.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): The case was settled

I. Approximate date of disposition: Around August of 2001

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

11

Revised: 7/20/05

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11 (a) and 11 (b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 (a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal rule of Civil procedure 11 (c).

Signed this ____ day of ____ 2007

_____
Plaintiff Signature

12

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Stateville Correctional Center
   C/o K. Sandlin, Legal Coordinator
   P.O. Box 112
   Joliet, IL 60434

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   JOLIET IL 60436 JUL 19 2008

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7007 0710 0000 9546 2037

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE 

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

   United States Marshals Service
   219 S. Dearborn Street, Room 2444
   Chicago, IL 60604
   Attn: Civil

08C3172