**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCO HENDERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3172 |
| | ) | |
| **OFFICER BROWN, OFFICER HALL,** | ) | Judge Rebecca R. Pallmeyer |
| **OFFICER WILLIAMSON, OFFICER WATTS,** | ) | |
| **OFFICER KOCHER, Stateville Correctional** | ) | |
| **Officers,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this civil action, Plaintiff Marco Henderson, a prisoner in the custody of the Illinois Department of Corrections ("IDOC"), alleges that five IDOC officers (Defendants) allowed him to fall while exiting a bus on his way to court and then failed to obtain immediate medical care on his behalf. (Compl. [1] ¶ 15.) Plaintiff filed suit *pro se* under 42 U.S.C. § 1983, alleging that Defendants' acts, and their failure to provide medical care, violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶ 6.) Defendants now move for summary judgment, asserting that Plaintiff has failed to exhaust his administrative remedies with the IDOC as required by the Prison Litigation Reform Act, amended at 42 U.S.C. § 1997e. (Mem. of Law in support of Defs.' Mot. for Summary Judgment [33] (hereinafter "Defs.' Mot.") at 1.) In his response, Plaintiff argues that he attempted to submitted a timely grievance in order to exhaust his remedies with the IDOC. (Mem. of Law in Support of Pl.'s Resp. to Defs.' Mot. [40] (hereinafter "Pl.'s Resp.") at 8.) Because the court finds Plaintiff failed to appeal the denial of one grievance, but that the facts concerning his filing of an earlier grievance are disputed, Defendants' motion for summary judgment is granted in part and denied in part.

## FACTUAL BACKGROUND[1]

Plaintiff is an inmate currently incarcerated by IDOC at Hill Correctional Center. (Defs.' 56.1 ¶ 1; Pl.'s 56.1 ¶ 2.) On August 16, 2006 Plaintiff was being transported by five correctional officers from the Stateville Correctional Center in a van for a court appearance. (Compl. ¶ 7.) Plaintiff alleges that he fell to the pavement while exiting the van and sustained severe injuries, and that the IDOC officers present failed to obtain immediate medical treatment for him. (*Id.* ¶ 10-15.) Defendants state that Plaintiff was incarcerated at Stateville in August of 2006, but the material they cite—Plaintiff's own complaint–alleges only that he "was being detained at Stateville Correctional Center on or about 8/16/06 for a court writ." (Compl. ¶ 7; Defs.' 56.1 ¶ 4.) Plaintiff asserts that he was housed at the Danville Correctional Center in August 2006 (Pl.'s 56.1 ¶ 5), a contention that is supported by a copy of his grievance form which was received by and kept at Danville Correctional Center. (Danville Grievance of 9/5/06, Ex. E to Defs.' 56.1, at 13.)

It is uncontested that the IDOC has a prisoner grievance procedure to handle complaints and that it is available to all inmates. (Defs.' 56.1 ¶ 6.) Under applicable regulations, inmates have two options for submitting a grievance. One option is available where an inmate's complaint can be resolved at his current facility. In those circumstances, the inmate must first discuss his complaint with a counselor and, if he is not satisfied, file a written grievance with the facility's grievance officer. (20 Ill. Adm. Code § 504.810(a), Ex. H to Defs.' 56.1, at 21.) Once the inmate has received a final response from the facility's administration, he has thirty days to appeal to the

---

[1] The factual background is drawn from Defendants' proposed statement of material facts [34] submitted pursuant to Local Rule 56.1 (hereinafter "Defs.' 56.1"). In his response brief, Plaintiff has attached a statement of additional facts (Pl.'s Resp. at 3-6 (hereinafter "Pl.'s 56.1")). In their reply to Plaintiff's Response [42] (hereinafter "Defs.' Reply"), Defendants argue that because Plaintiff has failed to admit or deny any of Defendants' 56.1 statements, the court should deem Defendants' 56.1 statements admitted. (Defs.' Reply at 3.) *See Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir.2001) (stating that *pro se* litigants must properly respond to a movant's 56.1 statement in order to show a genuine issue for trial). The court will accept Defendants' 56.1 statements to the extent that they are supported by the record and not disputed by a liberal construction of Plaintiff's own statement of additional facts.

inter-facility administrative review board. (Defs.' 56.1 ¶ 9; 20 Ill. Adm. Code § 504.850(a), Ex. A to Defs.' 56.1.) A second option, available for "issues that pertain to a facility other than the facility where the offender is currently assigned," permits the inmate to file a grievance directly with the IDOC administrative review board. (20 Ill. Adm. Code § 504.870(a)(4), Ex. H to Defs.' 56.1, at 24; Anderson Aff., Ex. A to Defs.' 56.1 ¶ 4; Pl.'s 56.1 ¶ 4.) The administrative review board must receive the grievance within 60 days of the incident. (20 Ill. Adm. Code § 504.810(a), Ex. H to Defs.' 56.1 ; Anderson Aff. ¶ 7, Ex. A to Defs.' 56.1.) Under either of these options (that is, whether a prisoner is filing a direct grievance or appealing from the denial of an internal grievance), the inmate is required to submit his complaint to the IDOC administrative review board in a timely fashion. (Defs.' 56.1 ¶ 9.)

Plaintiff contends that he followed both of these routes; first, Plaintiff alleges that on August 23, 2006, he filed a grievance directly with the IDOC administrative review board–the appropriate procedure, because Plaintiff was incarcerated at Danville and the incident occurred at Stateville and involved Stateville correctional officers. (Pl.'s 56.1 ¶¶ 4, 5; Henderson Aff. ¶ 2, Ex. A to Pl.'s 56.1.) As set forth in affidavits from the relevant IDOC administrators, however, thorough searches of the files at Stateville, Danville, and the Administrative Review Board office, as well as Plaintiff's master file currently at Hill Correctional Center, have unearthed no copy of this grievance. (Defs.' 56.1 ¶¶ 7, 10, 11, 12; Anderson Aff. ¶ 7, Ex. A to Defs.' 56.1; Garcia Aff. ¶ 6, Ex. B; Kiley Aff. ¶ 5, Ex. C; Eldert Aff. ¶ 6, Ex. D.) Instead, IDOC administrators have found only an "amended grievance" to the administrative review board, submitted on January 19, 2007, in which Plaintiff asks about the status of his August 2006 grievance and again complains of mistreatment during his fall. (Defs.' 56.1 ¶ 7; Anderson Aff. ¶ 7.) The administrative review board returned this amended grievance, bearing receipt stamps of January 23, 2007, noting that Plaintiff submitted it beyond the required deadline of sixty days from the incident. (Defs.' 56.1 ¶ 7; Return of Grievance of 2/5/07, Ex. G to Defs.' 56.1.) Plaintiff claims he did not submit this amended grievance until

January because it was not until then that he learned the names of the Stateville Corrections officers allegedly involved, and by that time had waited five months with no response from the administrative review board to the original grievance he claims to have filed back in August. (Pl.'s 56.1 ¶ 6.) Plaintiff himself has produced a copy of the amended grievance only, with proof of service dated January 19, 2007; he has not produced any copy of the original grievance he claims to have sent to the administrative review board in August. (Amended Grievance of 1/17/07, Ex. B to Pl.'s 56.1.)

In addition to the grievance Plaintiff claims to have filed directly with the administrative review board, it is undisputed that Plaintiff filed a grievance with Danville administrators over his claims of deficient medical care at Danville following the August 16th injury. Plaintiff submitted this grievance to a Danville grievance officer on September 5, 2006, and Defendants have located copies of it at Danville and in Plaintiff's master file. (Defs.' 56.1 ¶¶ 11, 12.) In this grievance, Plaintiff does not allege any misconduct on the part of corrections officers but asks for better medical treatment for his injuries from the fall. (Danville Grievance of 9/5/06, Ex. E to Defs.' 56.1.) Danville administrators reviewed the file and noted on the grievance form that the grievance was not an emergency and that they were referring the matter to a health care administrator. (*Id.*) Plaintiff received a written response from the grievance officer and from Danville's chief administrative officer within two months, as required by 20 Ill. Adm. Code § 504.830(d). (Defs.' 56.1 ¶ 12; Grievance Response of 10/10/06, Ex. F to Defs.' 56.1.) The grievance response notes that Plaintiff had received a medical review, medication, and, a few days after the grievance was filed, an x-ray, and that no further action would be taken unless he wished to appeal. (*Id.*) The grievance response also contains a section titled "Committed Person's Appeal to the Director," explaining that if Plaintiff remained unsatisfied, he had the right to appeal to the administrative review board within thirty days by signing in the provided space and mailing the relevant materials to the administrative review board himself. (*Id.*) That section remains unsigned by Plaintiff. (*Id.*) Plaintiff does not claim

4

to have ever appealed this internal Danville grievance to the administrative review board.

## **DISCUSSION**

Defendants move for summary judgment, arguing they have established that Plaintiff has not submitted anything to the administrative review board other than an untimely "amended grievance" on January 17, 2007. (Defs.' Mot. at 7.) Defendants argue that there is therefore no genuine dispute that Plaintiff failed to exhaust his administrative remedies with the IDOC, as required by the Prison Litigation Reform Act, amended at 42 U.S.C. § 1997e. The Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). An action alleging an isolated incident of misconduct by corrections officers is a suit over "prison conditions" subject to the requirements of 42 U.S.C. § 1997e. *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001). The Seventh Circuit adheres to a "strict compliance" approach to exhaustion, in which "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). The court has also recognized, however, that although a prisoner must follow administrative rules to exhaust each remedy, the prisoner "need exhaust only the remedies 'available' to him. A prison employee who prevents access to a remedy can render that remedy unavailable; in such circumstances, a failure to exhaust would not bar filing suit." *Schaefer v. Bezy*, No. 08-3349, 2009 WL 1931187, at *3 (7th Cir. July 7, 2009) (citations omitted). Prison officials may render a remedy unavailable by "failing to respond to a properly filed grievance or otherwise us[ing] affirmative misconduct to prevent a prisoner from exhausting." *Dole,* 438 F.3d at 809.

Exhaustion is an affirmative defense on which prison employees bear the burden of proof. *Schaefer*, 2009 WL 1931187, at *3. Because Defendants seek summary judgment on the issue,

5

the court will draw all reasonable inferences in the light most favorable to Plaintiff. *Id.* Therefore, to be entitled to summary judgment, Defendants "must do more than point to a lack of evidence in the record; rather they must 'establish affirmatively' that the evidence is so one-sided that no reasonable factfinder could find that [the plaintiff] was prevented from exhausting his administrative remedies." *Id.*

In the present action, the lack of any documentary evidence of Plaintiff's August 2006 grievance is not dispositive; the court must credit Plaintiff's statement that he sent a grievance directly to the IDOC administrative review board in August of 2006 and received no response in the required six-month time frame. (Pl.'s 56.1 ¶¶ 4, 5; Henderson Aff. ¶ 2, Ex. A to Pl.'s 56.1.) The court therefore draws the inference that, through inadvertence, negligence, or loss, IDOC officials may have failed to respond to this grievance and thus prevented Plaintiff from exhausting his administrative remedies with respect to the August 2006 incident.

It is undisputed that Plaintiff did file a grievance in September 2006. This second grievance is directed not at the actions of the officers involved in transporting Plaintiff in August 2006, however, but instead complains that Plaintiff was later denied appropriate medical care for the resulting injuries. IDOC officials did respond to this grievance in a timely fashion, concluding that Plaintiff had been provided care and that no further relief was appropriate. Plaintiff's failure to appeal from the denial of that grievance dooms his claim of inadequate medical care. The PLRA requires a prisoner to exhaust all available avenues of review:

> A remedy is available so long as an administrative procedure can lead to some relief, even if it is not the precise relief the inmate wants . . . So, if the [the prison officials] can take some action in response to an inmate's complaint, then the inmate is required to follow the department's procedures before he runs to court.

*Gruenberg v. Lundquist*, 318 Fed. Appx. 424, 426 (7th Cir. 2008) (internal citations omitted). In *Gruenberg*, the plaintiff failed to appeal a grievance of inadequate mental health treatment because he believed it would not lead to the transfer he was seeking. *Id.* The Seventh Circuit affirmed

6

summary judgment for the defendants, observing that the plaintiff's failure to file an appeal which could have led to more treatment meant he had not exhausted his remedies. *Id.* at 427.

Similarly, in the present action there is no dispute that Plaintiff filed an internal grievance at Danville Corrections Center seeking better medical treatment and that Plaintiff failed to execute an available appeal of this grievance. The record contains a copy of this grievance and the reply from Danville officials containing instructions and space for executing an appeal; this space remains unsigned by Plaintiff. (Defs.' 56.1 ¶ 12; Grievance Response of 10/10/06, Ex. F to Defs.' 56.1.) It is uncontested that Plaintiff was required to make this appeal to the inter-facility administrative review board within thirty days. (Defs.' 56.1 ¶ 9; 20 Ill. Adm. Code § 504.850(a), Ex. A to Defs.' 56.1.) The relevant IDOC administrators have searched all of Plaintiff's files, attesting that there is no record of any appeal from Plaintiff after filing his internal Danville grievance and receiving the response. (Defs.' 56.1 ¶¶ 10-12; Anderson Aff. ¶ 7, Ex. A to Defs.' 56.1; Garcia Aff. ¶ 6, Ex. B; Kiley Aff. ¶ 5, Ex. C; Eldert Aff. ¶ 6, Ex. D.) Nor does Plaintff himself claim to have filed an appeal from the denial of his September grievance to Danville officials.

Plaintiff acknowledges that he did not take further action until January, when he wrote to the administrative review board directly asking for the status of his original August complaint. (Pl.'s 56.1 ¶¶ 4, 5; Henderson Aff. ¶ 2, Ex. A to Pl.'s 56.1.) Even if the court interprets this January correspondence as an appeal from the denial of Plaintiff's September Danville grievance, it came too late, and IDOC officials were entitled to enforce rules requiring that an appeal be timely filed. See *Dole*, 438 F.3d at 809 ("A prisoner must properly use the prison's grievance process . . . [or] the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted."). *See also Pozo*, 286 F.3d at 1023-24 (dismissing a prisoner's action where the prisoner filed an untimely appeal to his grievance). The court concludes that no reasonable factfinder could find that Plaintiff was prevented from exhausting this remedy. *See Schaefer*, 2009 WL 1931187, at *3.

Accordingly, Defendants are entitled to summary judgment with respect to Plaintiff's claim that Defendants were deliberately indifferent to his need for appropriate follow-up medical care. That claim is dismissed without prejudice.[2] With respect to Plaintiff's claim for injuries suffered during the August 2006 transport, disputes of material fact preclude summary judgment on the basis of failure to exhaust. Should Defendants choose to stand on this defense, Plaintiff will be entitled to an evidentiary hearing on the issue of whether he took all steps available to him to pursue his grievance. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (where exhaustion is factually disputed, the district court should conduct a hearing after permitting any necessary discovery). The court notes, however, that to the extent Plaintiff's injuries were the result of mere negligence on the part of Defendant officers, they may wish to seek summary judgment on the merits of Plaintiff's claims, as mere negligence is insufficient to establish liability under 42 U.S.C. § 1983.

---

[2] The Seventh Circuit has explained that where a prisoner's failure to exhaust administrative remedies is attributed to his own inaction, "the case is over." *Pavey*, 544 F.3d at 742 (7th Cir. 2008). Recent decisions have split on whether this language requires dismissal with or without prejudice when the court has granted summary judgment against a prisoner who has failed to exhaust previously available remedies which are now untimely. *Compare Parker v. Walker*, No. 06-779-CJP, 2009 WL 1209066, at *3 (S.D. Ill. May 4, 2009) (dismissing the action without prejudice); *Peterson v. Miami Correctional Facility*, No. 3:07-CV-397, 2009 WL 523117, at *6 (N.D. Ind. Feb. 27, 2009) (dismissing without prejudice); *with Glick v. Walker*, 06-586-GPM, 2009 WL 1423996 at *4 (S.D. Ill. May 20, 2009) (dismissing with prejudice).

## **CONCLUSION**

Defendants' motion for summary judgment [32] is granted in part and denied in part. A telephone status conference is set for Thursday, August 27, 2009, at 8:30 a.m., the call to be initiated by counsel for Defendants. The parties are urged to consider the possibility of settlement of Plaintiff's remaining claim.

ENTER:

Dated: August 12, 2009

_____
REBECCA R. PALLMEYER
United States District Judge